IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01635-BNB

CESAR RYAN MARQUEZ,

Plaintiff,

v.

LONGMONT POLICE DEPARTMENT,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Cesar Ryan Marquez, is confined at the Boulder County, Colorado, jail. Mr. Marquez filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his constitutional rights have been violated. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Marquez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Marquez will be ordered to file an amended complaint.

The Court has reviewed the complaint and finds that it is deficient. Mr. Marquez may not sue the Longmont, Colorado, police department because the police department is not a separate entity from the City of Longmont and, therefore, is not a person under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991),

*aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the police department must be considered as asserted against the City of Longmont.

In addition, municipalities and municipal entities, such as the City of Longmont, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Marquez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

In addition, Mr. Marquez's claims are confusing and repetitive. They appear to concern a May 21, 2009, traffic stop during which Mr. Marquez was arrested by officers of the Longmont Police Department and detained until August 2009 at the Boulder County Jail. He contends that he was charged with felony menacing, reckless driving, and driving while license suspended, despite the fact that he was not driving.

Mr. Marquez also complains that during the time he was detained at the Boulder County Jail he lost wages, employment, and personal property, and suffered emotional distress. He maintains that Longmont police officers have detained him on numerous occasions. He further contends he was "acquitted of all charges." Complaint at 4, 5, and 6. Therefore, it is unclear to the Court why he currently is incarcerated. He fails to allege what, if any, of his constitutional rights were violated.

Mr. Marquez must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Marquez must show how the defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Marquez may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Marquez uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

Lastly, the amended complaint Mr. Marquez will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Marquez to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Cesar Ryan Marquez, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Marquez, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Marquez fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 6, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01635-BNB

Cesar R. Marquez
Prisoner No. P00099900
Boulder County Jail
3200 Airport Rd.
Boulder, CO 80301

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/6/10

                               GREGORY C. LANGHAM, CLERK

                        By: _____
                                    Deputy Clerk